UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHILIP ROBERT CRIMI,

    Petitioner,

v().                                                      CASE NO. 6:07-cv-1858-Orl-31GJK
                                                            (6:05-cr-154-Orl-31GJK)

UNITED STATES OF AMERICA,

    Respondent.

---

**ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Philip Robert Crimi (Doc. No. 1). The Government filed a timely response (Doc. No. 4) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*.

Petitioner alleges three claims for relief in his motion, all premised on his trial counsel's alleged ineffective assistance. Specifically, Petitioner claims: (a) trial counsel failed to offer adequate advice during plea negotiations (claim one); (b) trial counsel's performance was deficient due to counsel's illness (claim two); and (c) trial counsel failed to object to the prosecution's description of him as the "devil" during closing arguments (claim three).

*Procedural History*

Petitioner and others were charged by superseding indictment with one count of conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine (count one) and three counts of possession with the intent to distribute and distribution of methamphetamine (counts two through four). (Criminal Case 6:05-cr-154-Orl-31GJK, Doc. No. 333, filed Jan. 4, 2006.)[1]  A jury trial was held, and Petitioner was found guilty as charged. (Criminal Case Doc. No. 581.)

Petitioner filed a post-conviction motion for judgment of acquittal and a new trial, which this Court denied. (Criminal Case Doc. No. 604.) The Court adjudicated Petitioner guilty and sentenced him to a 130-month term of imprisonment. (Criminal Case Doc. No. 794.) Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which entered a written, published opinion affirming the convictions and sentence. (Criminal Case Doc. No. 858); *United States v. Crimi*, 237 Fed. Appx. 485 (11th Cir. 2007).

*Claim One*

Petitioner contends that he received ineffective assistance because trial counsel offered inadequate advice during plea negotiations.

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the

---

[1]Hereinafter Criminal Case No.6:05-cr-154-Orl-31GJK will be referred to as "Criminal Case."

*Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687.[2] A court must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance. *Id.* at 689-90.

Petitioner avers that he was offered a plea bargain of fourteen years to life and believed that if he accepted the plea offer, he would be incarcerated for fourteen years. (Doc. No. 1 at 3; Doc. No. 2 at 6.) Petitioner contends that trial counsel failed to inform him that if he pled guilty, he would most likely receive a reduction in his base offense level for acceptance of responsibility. (Doc. No. 2 at 5.) Additionally, Petitioner asserts that trial counsel failed to inform him about the safety valve provision, which Petitioner maintains would have applied to him and allowed the Court to impose a sentence without regard to a statutory minimum. (Doc. No. 2 at 5-6.) He states that if trial counsel would have informed him of these benefits, he would have elected to plead guilty instead of going to trial. (Doc. No. 2 at 13.)

---

[2] In *Williams v. Taylor*, 529 U.S. 362, 391 (2000), the Supreme Court discussed that to establish prejudice the petitioner must demonstrate that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Quotation omitted) (citation omitted). However, there are situations in which the overriding focus on fundamental fairness may affect the analysis. *Id.*

Petitioner submitted an affidavit along with his section 2255 motion in which he states with regard to not pleading guilty, "I maintain my innocence and therefore, I decided to go to trial." (Doc. No. 2 at 13.) Respondents maintain that had Petitioner decided to plead guilty, the Court would not have accepted his plea because he maintained his innocence. (Doc. No. 4 at 9-10.) Therefore, Respondents contend that Petitioner is unable to demonstrate that he was prejudiced by trial counsel's alleged failure to advise Petitioner of the acceptance of responsibility and safety valve provisions. (Doc. No. 4 at 10.)

The record establishes that Petitioner has shown neither deficient performance nor prejudice as it relates to trial counsel's alleged lack of advice during plea negotiations. Petitioner states in his affidavit that he elected to go to trial because he was innocent of the charges, not because he was unhappy with the plea offer. *See* Doc. No. 2 at 13. In fact, the record reveals that Petitioner maintained his innocence even after he was found guilty at trial and throughout the sentencing proceedings. *See* Criminal Case Doc. No. 724 (Defendant's Objections to the Presentence Investigation Report); *see also* Doc. No. 811 at 11 (Asking whether or not defense counsel objected to the factual content of the presentence report, the Court stated "I understand that, based on your client's position, that he's innocent of the charges, that he objects generally to it."). Therefore, had trial counsel advised him about these specific benefits to pleading guilty, there is no reason to assume that Petitioner would have pled guilty instead of going to trial. Petitioner's statements regarding innocence suggest the contrary. Furthermore, had Petitioner pled guilty while maintaining his innocence, the Court would not have accepted his plea.

Additionally, the Court notes that Petitioner was sentenced to a 130-month term of imprisonment, a sentence well below the guideline range of 151 to 188 months and just slightly above the 120-month mandatory minimum. The Court expressly discussed each sentencing factor in imposing Petitioner's sentence and noted that while Petitioner was facing a much greater sentence than his co-defendants, they accepted responsibility for their conduct and decided to cooperate with the Government, which Petitioner did not do. (Criminal Case Doc. No. 811 at 37-42)

Accordingly, Petitioner cannot succeed on this claim and it is hereby denied.

*Claim Two*

Petitioner contends that trial counsel's performance was deficient due to his illness, which resulted in trial counsel's death shortly after Petitioner's trial.

Courts have held that a defendant claiming his counsel rendered ineffective assistance due to a mental or physical illness, must point to specific errors or omissions which prejudiced his defense. *See Smith v. Ylst*, 826 F.2d 872, 876 (9th Cir. 1987) (counsel's mental illness and subsequent replacement during trial did not constitute ineffective assistance of counsel where defendant did not show how counsel's action prejudiced him); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978) (there was no merit in petitioners' allegations that their trial attorney was "too old and sick" to represent them, especially since petitioners made no adequate allegation of specific prejudice resulting from counsel's supposed illness); *Pilchak v. Camper*, 741 F. Supp. 782, 792-93 (W.D. Mo. 1990), *aff'd*, 935 F.2d 145 (8th Cir. 1991) (allegations demonstrating that defense counsel was mentally impaired

5

at the time of petitioner's trial did not amount to ineffective assistance of counsel without a showing of actual prejudice).

According to Petitioner, trial counsel stated that he was not feeling well during trial and had he known trial counsel was so gravely ill, he would have never hired him. (Doc. No. 2 at 13.) Petitioner states that "[b]ecause of the attorney's illness he was unable to provide the Petitioner with a proper defense and . . . therefore received ineffective assistance of counsel." (Doc. No. 2 at 8.) Petitioner fails to demonstrate, however, how trial counsel's illness specifically affected his performance. As such, there is no indication that trial counsel's illness resulted in prejudice to Petitioner's defense.

Petitioner further contends that trial counsel had a prior criminal record for distribution of drugs, which fact was not brought to his attention until the start of trial. (Doc. No. 2 at 8.) Again, Petitioner states that had he known about trial counsel's prior criminal record, he would not have hired him. (Doc. No. 2 at 13.) The Court is unable to determine whether Petitioner raises this as an additional claim of ineffective assistance or in support of his claim that trial counsel rendered ineffective assistance due to illness. Nonetheless, this claim lacks merit because Petitioner fails to demonstrate how trial counsel's prior criminal record affected his performance and resulted in prejudice to Petitioner.

Because Petitioner has failed to prove that trial counsel's illness and prior criminal record resulted in prejudice to his defense, he cannot succeed on this claim.

*Claim Three*

Petitioner contends that trial counsel rendered ineffective assistance by failing to object to statements made by the prosecutor in his closing argument, which referred to Petitioner as the "devil."

Claims based on the statements of a prosecutor are assessed using a two-pronged analysis: first, the court must determine whether the comment at issue was improper, and second, whether any comment found to be improper was so prejudicial as to render the entire trial fundamentally unfair.  *Davis v. Kemp*, 829 F.2d 1522, 1526 (11th Cir. 1987).  In *Drake v. Kemp*, the Eleventh Circuit explained:

> Improper argument will only warrant relief if it renders a petitioner's trial or sentencing fundamentally unfair.  That determination depends on whether there is a reasonable probability that, in the absence of the improper arguments, the outcome would have been different.  A reasonable probability is a probability sufficient to undermine the confidence in the outcome.

762 F.2d 1449, 1458 (11th Cir. 1985) (citations and quotations omitted).

At the start of his closing argument, the prosecutor stated, "The simple fact of the matter is in life, and especially in the drug trade, if you're going to go hunt the devil, you've got to go through hell to do it.  There's simply no other way about it." (Criminal Case Doc. No. 809 at 532.)  According to Petitioner, trial counsel asked him "what did he say," after the comment was made.  (Doc. No. 2 at 13.)  Petitioner asserts that had trial counsel heard the comment, he would have objected, but because of his failure to hear, possibly due to his illness, it was not objected to and was not raised on appeal.  (Doc. No. 2 at 11.)

7

The Court finds that the prosecutor's statement was not improper nor did Petitioner suffer an unfair trial or other prejudice. Courts commonly reject claims based upon similar comments. *See Hannon v. State,* 941 So. 2d 1109, 1143 (Fla. 2006) (holding that the defendant could show no prejudice based upon his trial counsel failing to object to the statement during the State's closing argument that "sometimes you need to make a deal with a sinner in order to get the devil"); *Moore v. State*, 820 So. 2d 199, 207 (Fla. 2002) (holding that the defendant could show no prejudice based upon his trial counsel failing to object to the State referring to the defendant as the "devil" in his closing argument and stating that a "[c]rime conceived in hell will not have any angels as witnesses"); *see also Valdez v. McKlune*, 2007 WL 1586054 (D. Kan. May 31, 2007) (rejecting a claim of prosecutorial misconduct based upon the prosecutor's statements during his closing argument that "sometimes, when you prosecute the devil, you have to go to hell for the witnesses"); *Matthews v. Sirmons*, Case No. 03-CIV-417, 2007 WL 2286239 (W.D. OK Aug. 6, 2007) (rejecting a claim of prosecutorial misconduct based upon the prosecutor's statement during his closing argument that "[w]hen you cast a play in hell, you don't always get angels for your witnesses"). After a review of the record, the Court notes that the comment was made in response to trial counsel's argument that the prosecution's witnesses were not credible. The comment did not render the trial fundamentally unfair and thus, trial counsel cannot be considered deficient for failing to object to the comment at trial.

*Conclusion*

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Philip Robert Crimi (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A certified copy of this Order and the judgment shall also be filed in criminal case number 6:05-cr-154-Orl-31GJK.

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 880) filed in criminal case number 6:05-cr-154-Orl-31GJK.

**DONE AND ORDERED** at Orlando, Florida, this 28th day of July, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 7/28
Philip Robert Crimi
Counsel of Record